634 So.2d 280 (1994)
Francisco Antonio SGROI, Appellant,
v.
STATE of Florida, Appellee.
No. 92-2774.
District Court of Appeal of Florida, Fourth District.
March 30, 1994.
*281 Richard L. Jorandby, Public Defender, and Margaret Good, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Edward L. Giles, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant brings this appeal from a judgment of conviction for burglary of a dwelling (Count I) and aggravated battery (Count II). The trial court sentenced appellant to 3 1/2 years of imprisonment on the first count and 3 years of probation on the second. We reverse and remand for a new trial.
Appellant raises two points on appeal, both of which have merit. He first argues that during closing argument, the prosecutor made an impermissible comment on appellant's failure to testify, to which he timely objected. The trial court, however, denied appellant's subsequent motion for mistrial. We find this was error for the following reasons.
Four people actually witnessed the incident that led to the charges against appellant. They were the victim (Renee Kish), her sister (Melissa Behar), appellant and his friend Felipe. The jury heard the version presented by appellant's companion, who testified for the defense and the versions presented by the victim and her sister. The victim, Mrs. Kish, testified that appellant, who was a friend of her husband's, came to their door with Felipe and asked to see her husband. Although Mr. Kish was at home, Mrs. Kish told appellant that he was not. It was developed through testimony that Mr. Kish owed Felipe some money and appellant had come to Mr. Kish to act as an interpreter for Felipe, who could not speak English. According to Mrs. Kish, when she began to close the door, appellant pushed his way into the house, threw her around and hit her with a hard object that was inside the left sleeve of his jacket. At trial, she testified that she later saw that the object was actually a pipe. At deposition, however, she had stated that she first saw the pipe when her sister, also present at the house, used it to hit appellant. Mrs. Kish stated that Felipe remained standing in the doorway to the house during the entire incident.
Mrs. Kish's sister, Melissa Behar, testified that she was in the house when appellant came to see Mr. Kish and that she heard her sister answer the door and then heard her sister scream that Mr. Kish was not at home. Ms. Behar then ran to the living room, where she saw appellant carrying some kind of bar and trying to get to the back of the house. According to Ms. Behar, her sister was bleeding from the head. Ms. Behar stated that she grabbed the bar from appellant and began swinging it wildly and that she hit appellant, also pulling at him to detain him until the police arrived. According to Ms. Behar, Felipe remained in the doorway in a location where he could see everything as it occurred in the house.
Felipe's testimony was in direct conflict with the testimonies given by the victim and her sister. He testified that after appellant knocked on the door, Mrs. Kish answered the door and appellant entered her home without any force. Appellant and Mrs. Kish then engaged in conversation. Felipe next heard Mr. Kish's voice from the back of the house. Suddenly, Mrs. Kish jumped on appellant from behind and grabbed him. According to Felipe, appellant did not raise his hand or a weapon to Mrs. Kish. Instead, after Mrs. Kish jumped on appellant, her sister, Ms. Behar, came into the living room and began beating appellant repeatedly with a dark object (state's exhibit # 1). It was also his testimony that Mr. Kish was a weight lifter *282 and had barbells and weights in the house and that the bar that the state introduced as its Exhibit 1 was similar to the bars that Mr. Kish used when he lifted weights. Felipe stated that he saw no blood while he was there.
Both sides agree that the test to determine the propriety of a prosecutor's comment during closing argument is whether the remark is fairly susceptible of being viewed by the jury as a comment on the defendant's failure to testify. See State v. Kinchen, 490 So.2d 21 (Fla. 1985). The prosecutor in the instant case stated to the jury during closing argument:
It is very interesting to note, when you think about it, the only evidence that the defense put on with regard to any motives that Mr. Sgroi might have had to go there that day was through Mr. Felipe, and the Judge will instruct you that when you assess a person's credibility, you're to use your common sense.
For the reasons stated below, we find that the above comment was an impermissible statement regarding appellant's failure to testify in his own behalf. We further find that in light of the evidence presented, the remark cannot be considered harmless and the cause must be reversed and remanded for a new trial.
The supreme court in State v. Marshall, 476 So.2d 150 (Fla. 1985), held for the first time, in response to this court's certified question,[1] that prosecutorial comments that are fairly susceptible to being interpreted by a jury as a comment on the defendant's failure to testify, are subject to harmless error analysis. Id. at 153. As a result, the supreme court quashed this court's opinion reversing the defendant's conviction and remanded the cause for further consideration in light of its answer to the certified question. We find the comment made in the instant case to be very similar to that which the prosecutor made in Marshall, and in that case, both this court and the supreme court found the remark to be an impermissible comment on the defendant's silence.[2] In the present case, the jury was called upon to consider Felipe's version of the incident against the versions offered by Mrs. Kish and her sister. Since only the four persons witnessed the incident, appellant would have had to testify in order to balance the testimonial evidence, which the prosecutor highlighted by his comment. This was clearly a violation of appellant's Fifth Amendment right against self-incrimination. The prosecutor's violation was particularly damaging in light of the fact that there was no incriminating physical evidence against appellant and the victim herself did not appear to want to prosecute the case.[3] We also note that Mr. Kish, the victim's husband, subsequently paid appellant's bail. On the present record, this court cannot state beyond a reasonable doubt that the error complained of did not affect the verdict. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). We therefore reverse and remand for a new trial under the authority of Marshall. Accord Dailey v. State, 594 So.2d 254 (Fla. 1991).[4]
Appellant's second point also has merit. The verdicts on Counts I and II were inconsistent with one another. In Count I, the state charged appellant with burglary of the dwelling of Renee Kish with intent to *283 commit the offense of battery therein "and in the course thereof did commit a battery upon Renee Kish by actually and intentionally touching or striking her against the will of Renee Kish." Thus, Count I charges both the intent to commit a battery and the completion of the battery. The jury returned a verdict of not guilty of burglary with a battery (a first degree felony). It found appellant guilty of the second degree felony of burglary of a dwelling. In Count II, appellant was charged with committing aggravated battery on Renee Kish in that he did "unlawfully and intentionally touch or strike Renee Kish against her will with a deadly weapon, to wit: a metallic pipe." The jury found appellant guilty of Count II. As appellant correctly notes, either he committed a battery on Renee Kish, or he did not.[5] We hold that the verdicts are inconsistent and therefore must be vacated.
Accordingly, we reverse the convictions and sentence and remand for a new trial on the sole charge of burglary of the dwelling of Renee Kish.
GUNTHER, WARNER and POLEN, JJ., concur.
NOTES
[1] In Marshall v. State, 473 So.2d 688, 689 (Fla. 4th DCA 1984), we certified the following question: "May the harmless error doctrine be applied to cases in which a prosecutor has violated a defendant's Fifth Amendment rights under Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 [1965]?"
[2] The prosecutor in Marshall told the jury: "Ladies and gentlemen, the only person you heard from in this courtroom with regard to the events on November 9, 1981, was Brenda Scavone." 476 So.2d at 151.
[3] Appellant indicates, and the state does not dispute, that his trial was delayed and the state's speedy trial time nearly expired because Mrs. Kish moved to California and made herself unavailable for trial. At one point, the state represented that it would have to perpetuate Mrs. Kish's testimony in California because she was "heavily pregnant" with her fourth child and could not travel. The trial court eventually granted appellant's motion to exclude Mrs. Kish's teleconferencing, perpetuated by video deposition for several reasons, including that Mrs. Kish was not and had not been pregnant at all.
[4] In Dailey, the supreme court found the remarks the prosecutor made to the jury as "virtually indistinguishable" from the remarks made in Marshall. As such, the remarks were held impermissible and the conviction was reversed and the cause remanded for a new trial. The remarks made were, "Now there are only three people who know exactly what happened ... Shelly Boggio and she is dead; Jack Pearcy and he is not available to testify; and the Defendant." 594 So.2d at 257.
[5] We are not persuaded by the state's argument that the jury was simply exercising its pardon power in acquitting appellant of the charge of burglary with a battery in Count I.