684 So.2d 270 (1996)
Ralph FAYSON, Appellant,
v.
STATE of Florida, Appellee.
No. 95-4085.
District Court of Appeal of Florida, First District.
December 5, 1996.
*271 Howard Lidsky, Gainesville, for Appellant.
Robert A. Butterworth, Attorney General; Douglas Gurnic and Edward C. Hill, Jr., Assistant Attorneys General, for Appellee.
PER CURIAM.
In the instant appeal, appellant claims that the jury rendered a legally inconsistent verdict that requires his conviction for aggravated battery be vacated. We disagree and affirm.
Appellant was charged in a four-count information with burglary of a dwelling with a battery (Count I), false imprisonment (Count II), aggravated assault (Count III), and aggravated battery (Count IV). The jury found appellant guilty on Count I of burglary, a lesser included offense, and guilty as charged on the other counts. The court, however, subsequently set aside the guilty verdict on Count II, and appellant was sentenced to a guideline sentence of 70.25 months on each of the three remaining counts to run concurrently.
The charges and convictions stem from the events that occurred on the evening of August 26, 1994. The victim, appellant's former girlfriend, opened the door to leave her apartment, and appellant forced his way inside. When the victim refused to agree to talk to him, appellant choked her, called her names, grabbed her hair and dragged her into the kitchen where he obtained a knife and held it to her neck, and then pummeled the victim with his fist. Appellant then dragged her into a bedroom, threw her onto the bed, sat on her chest, and hit her several more times. Using the knife, he cut her neck several times. Next appellant dragged the victim into the living room, where he broke a beer bottle against her head. She blacked out briefly and awakened to find appellant standing over her with another knife with which he threatened to kill her. Finally, the victim was able to flee the apartment and seek help.
Appellant here argues that the jury's verdict of guilty of burglary of a dwelling as a lesser included offense on Count I is legally inconsistent with his conviction of aggravated battery in Count IV. Appellant claims that by finding him guilty of the burglary without the aggravating factor of battery, the jury acquitted him of battery. Because battery is a necessary element of aggravated battery, appellant concludes that the verdicts on Counts I and IV are irreconcilable, and the aggravated battery conviction must be vacated.
The State counters that if there is more than one rational basis to explain the verdict the inconsistency furnishes no ground for reversal. Here the jury's verdict could be explained by several rational possibilities such as exercise of the power of lenity, compromise among the jurors, mistake, or factual distinction of the charges. The jury's choosing not to include the battery as an aggravating factor to the burglary count may seem logically inconsistent with the finding of guilt to the separate aggravated battery count, but this did not result in a legal impossibility based on missing elements as required by case law. In addition, the evidence overwhelmingly supports the verdicts of burglary and aggravated battery.
The general rule in Florida is that inconsistent jury verdicts are permitted "because jury verdicts can be the result of lenity and therefore do not always speak to the guilt or innocence of the defendant." State v. Powell, 674 So.2d 731, 733 (Fla.1996). See Naumowicz v. State, 562 So.2d 710 (Fla. 1st DCA 1990) (stating that "power to return an inconsistent verdict, on which the jury was instructed, is necessarily included in its power of lenity, i.e., the power to dispense mercy"), review denied, 576 So.2d 289 (Fla.1991). The Florida Supreme Court created an exception to this rule, however, in a case in which the defendant was convicted of third degree felony murder but on the charge of *272 aggravated child abuse, the underlying felony, was found guilty of the lesser included misdemeanor of child abuse. Mahaun v. State, 377 So.2d 1158, 1161 (Fla.1979). The court vacated the murder conviction because aggravated child abuse "was an essential element of the felony murder." Id. Relying on Mahaun, the court subsequently vacated a conviction for possession of a firearm during commission of a felony where, on the underlying felony charge of aggravated battery, the jury convicted appellant of the lesser included misdemeanor of battery. Redondo v. State, 403 So.2d 954, 956 (Fla.1981). The court explained that "[t]he existence of a felony or an attempted felony is an essential element of the crime of unlawful possession of a firearm during the commission of a felony," therefore, "a conviction for unlawful possession of a firearm during the commission of a felony must stand or fall in conjunction with the underlying felony." The supreme court later explained the decisions in Mahaun and Redondo as follows:
In the cited cases the underlying felony was a part of the crime chargedwithout the underlying felony the charge could not stand. The jury is, in all cases, required to return consistent verdicts as to the guilt of an individual on interlocking charges.
Eaton v. State, 438 So.2d 822, 823 (Fla.1983). See Gonzalez v. State, 440 So.2d 514, 515 (Fla. 4th DCA 1983) (Anstead, J.) (stating that "[t]rue inconsistent verdicts, [are] those in which an acquittal on one count negates a necessary element for conviction on another count."). See also State v. Wheeler, 468 So.2d 978 (Fla.1985) (citing Redondo and stating that conviction on charge of possession of firearm during commission of felony "is parasitically linked to a conviction for the underlying felony"). The result in Mahaun and Redondo does not imply that when a crime such as felony murder is charged that the underlying felony must be charged in a separate count. Rather the conclusions that the charges are interlocking and the verdicts legally inconsistent are driven by the fact that the underlying felony was charged in a separate count, and the jury found that the underlying crime was a misdemeanor, not a felony. As a result a necessary element, the felony element, of the crime charged evaporated, and the convictions could not stand.
The facts in the instant case are similar to those in Gonzalez v. State, 449 So.2d 882 (Fla. 3d DCA), review denied, 458 So.2d 274 (Fla.1984), in which the defendant was charged with two counts of felony murder and one count of attempted felony murder, with robbery of marijuana as the underlying felony in each count, and was charged in separate counts with robbery and trafficking. Gonzalez argued that his convictions of the lesser included offenses of third degree felony murder and attempted felony murder with trafficking in narcotics as the underlying felony were legally inconsistent with his conviction for robbery because by finding him guilty of the lesser included offenses, the jury had acquitted him of robbery. The Third District rejected this argument as follows:
An exception to the general rule which permits inconsistent verdicts is recognized where an acquittal of the underlying felony effectively holds the defendant innocent of a greater offense involving that same felony. The classic legal inconsistency would be presented here if the defendant had been acquitted of trafficking in narcotics (as charged in Count 5) while being found guilty as to the third-degree murder while trafficking in narcotics. Logical inconsistencies, as distinguished from legal inconsistencies, are acceptable.
Id. at 887-888 (citations omitted). Just as the jury's verdict in Gonzalez of guilt on a lesser included felony murder charge based on a different underlying felony did not mean that the separate conviction for robbery had to be vacated, the jury's verdict in the instant case of guilty on the lesser included offense of burglary does not mean that the aggravated battery conviction must be vacated. In the instant case, the finding of guilt on a charge of burglary with a battery was not necessary to the charge of aggravated battery.
We hold that the charges in the instant case are not legally interlocking as required by Mahaun and Redondo, and the verdict is not legally inconsistent. The aggravated battery conviction is not dependent on a finding *273 of battery as an aggravator in a burglary with a battery charge, i.e., the conviction on the lesser included offense did not negate a necessary element of the aggravated battery conviction. Accordingly, we affirm appellant's convictions and sentences.
Appellant in the instant case relies on Sgroi v. State, 634 So.2d 280 (Fla. 4th DCA 1994), in which identical charges and verdicts were challenged as legally inconsistent as they are here. Without any discussion, the court in Sgroi found the verdicts inconsistent because "either he [defendant] committed a battery on Renee Kish, or he did not," vacated the convictions and sentence and remanded for a new trial. Id. Accordingly, we certify conflict with Sgroi.
MINER and MICKLE, JJ., concur.
ALLEN, J., concurs in result with opinion.
ALLEN, Judge, concurring in result.
Because I understand from the supreme court's recent opinion in State v. Powell, 674 So.2d 731 (Fla 1996), that the court has little inclination to extend the concept of "true" inconsistent verdicts beyond the specific situations presented in Redondo v. State, 403 So.2d 954 (Fla.1981), and Mahaun v. State, 377 So.2d 1158 (Fla.1979), I concur in the result reached by the majority.