PARIENTE, Judge.
Defendant, based on a single incident, was charged in one count with burglary with a battery and in a second count with aggravated battery. The jury found defendant guilty of the lesser included burglary (without a battery) in Count I, and guilty as charged in Count II. DiMatteo was sentenced on each count to 56 months in prison followed by one year probation, with the sentences to run concurrently. DiMatteo argues that the trial court erred in sentencing him based on verdicts that he claims are legally inconsistent, relying on this court’s decision in Sgroi v. State, 634 So.2d 280 (Fla. 4th DCA 1994).[1]
We do not reach the merits of this claim because the issue was not properly preserved for appeal. See Collins v. State, 578 So.2d 30 (Fla. 4th DCA 1991); Thornton v. State, 679 So.2d 1207 (Fla. 5th DCA 1996) (claims of improper sentencing on legally inconsistent verdicts must first be brought to the attention of the trial court in order to be properly preserved for appeal). Accordingly, the deci *854 sion of the trial court is affirmed without prejudice to defendant’s seeking any remedies he may have by post-conviction relief.
GLICKSTEIN and GROSS, JJ., concur.

. We note that in Fayson v. State, 684 So.2d 270 (Fla. 1st DCA 1996), review granted, 691 So.2d 1079 (Fla.1997), the first district certified conflict with Sgroi v. State, 634 So.2d 280 (Fla. 4th DCA 1994), finding that the charges of burglary with a battery and aggravated battery are not interlocking because the "finding of guilt on a charge of burglary with a battery is not necessary to the charge of aggravated battery.” Id. at 272.