698 So.2d 825 (1997)
Ralph FAYSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 89554.
Supreme Court of Florida.
August 28, 1997.
*826 Howard Lidsky, Gainesville, for Petitioner.
Robert A. Butterworth, Attorney General; James W. Rogers, Tallahassee Bureau Chief, Criminal Appeals and Trisha E. Meggs, Assistant Attorney General, Tallahassee, for Respondent.
OVERTON, Justice.
We have for review Fayson v. State, 684 So.2d 270 (Fla. 1st DCA 1996), which certified conflict with Sgroi v. State, 634 So.2d 280 (Fla. 4th DCA 1994). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We approve the decision of the district court in this case and disapprove the contrary reasoning found in Sgroi.
The record reflects the following facts. Ralph Fayson was charged with burglary of a dwelling with a battery, false imprisonment, aggravated assault, and aggravated battery. These charges arose from events that occurred on the evening of August 26, 1994. That night, Fayson forced himself into his former girlfriend's apartment. When she refused to talk with him, he choked her, grabbed her hair, and took her to the kitchen. In the kitchen, he held a knife to her neck and beat her with his fist. He then took her to the bedroom and sat on top of her. He cut her throat with the knife several times. Finally, he dragged her into the living room and broke a beer bottle over her head. She blacked out briefly. When she awoke, Fayson threatened to kill her. She was able to escape.
The jury found Fayson guilty of (1) burglary (a lesser included offense of the charge of burglary of a dwelling with a battery); (2) false imprisonment; (3) aggravated assault; and (4) aggravated battery. Fayson appealed. He argued that two of his convictions were inconsistent and one should be vacated. Specifically, he claimed that the jury rejected the greater offense of burglary of a dwelling with a battery by finding him guilty of burglary. Because of that finding, he explained, the jury verdict of guilty of aggravated battery was inconsistent and must be set aside.
The district court affirmed the convictions, reasoning that in "the instant case the finding of guilt on a charge of burglary with a battery was not necessary to the charge of aggravated battery." Fayson, 684 So.2d at 272. The court further explained that the "aggravated battery conviction is not dependent on a finding of battery as an aggravator in a burglary with a battery charge, i.e., the conviction on the lesser included offense did not negate a necessary element of the aggravated battery conviction." Id. at 272-73. That court then certified conflict with the Fourth District Court of Appeal's decision in Sgroi v. State, 634 So.2d 280 (Fla. 4th DCA 1994).
In State v. Powell, 674 So.2d 731, 732-33 (Fla.1996), this Court explained the principles of law applicable to inconsistent jury verdicts, stating:
As a general rule, inconsistent jury verdicts are permitted in Florida. Eaton v. State, 438 So.2d 822 (Fla.1983); Goodwin v. State, 157 Fla. 751, 26 So.2d 898 (1946); Gonzalez v. State, 440 So.2d 514 (Fla. 4th DCA 1983), review dismissed, 444 So.2d 417 (Fla.1983). Inconsistent verdicts are *827 allowed because jury verdicts can be the result of lenity and therefore do not always speak to the guilt or innocence of the defendant....
This Court has recognized only one exception to the general rule allowing inconsistent verdicts. This exception, referred to as the "true" inconsistent verdict exception, comes into play when verdicts against one defendant on legally interlocking charges are truly inconsistent. As Justice Anstead explained when writing for the Fourth District Court of Appeal in Gonzalez, true inconsistent verdicts are "those in which an acquittal on one count negates a necessary element for conviction on another count." 440 So.2d at 515. For example, this Court has required consistent verdicts when
the underlying felony is a part of the crime chargedwithout the underlying felony the charge could not stand. The jury is, in all cases, required to return consistent verdicts as to the guilt of an individual on interlocking charges.

Eaton, 438 So.2d at 823; see Mahaun v. State, 377 So.2d 1158 (Fla.1979)(verdict of guilty as to felony-murder set aside where jury failed to find defendant guilty of the underlying felony); Redondo v. State, 403 So.2d 954 (Fla.1981)(defendant could not be convicted of unlawful possession of a firearm during a commission of felony where the jury failed to find the defendant guilty of any felony). An exception to the general rule is warranted when the verdicts against a single defendant are truly inconsistent because the possibility of a wrongful conviction in such cases outweighs the rationale for allowing verdicts to stand.
Fayson argues that the jury's failure to find the aggravating factor of battery in his burglary-of-a-dwelling conviction (the lesser included offense) was inconsistent with its finding that he was guilty of aggravated battery. Essentially, Fayson claims that the jury acquitted him of battery when it found only the lesser included offense of burglary of a dwelling. Fayson argues that battery is a necessary element of aggravated battery and, consequently, asserts that his conviction for aggravated battery must be vacated. We disagree.
There is a reasonable explanation for the verdicts in that the jury could have factually distinguished the charges in this case by concluding that when Fayson first entered the premises he had only committed a burglary and at that time he had no intent to commit a battery. As the facts of this case unfolded, the jury could have logically concluded that the aggravated battery came after and separate from the burglary.
We find that the district court correctly applied the rule enunciated in Powell to this jury's verdicts. We approve the district court's holding and its conclusion that the convictions were not legally inconsistent.
We also agree with the district court that the decision in Sgroi conflicts with this case. In Sgroi, the Fourth District Court of Appeal dealt with an almost identical factual situation and stated:
In Count I, the state charged appellant with burglary of the dwelling of Renee Kish with intent to commit the offense of battery therein "and in the course thereof did commit a battery upon Renee Kish by actually and intentionally touching or striking her against the will of Renee Kish." Thus, Count I charges both the intent to commit a battery and the completion of the battery. The jury returned a verdict of not guilty of burglary with a battery (a first degree felony). It found appellant guilty of the second degree felony of burglary of a dwelling. In Count II, appellant was charged with committing aggravated battery on Renee Kish in that he did "unlawfully and intentionally touch or strike Renee Kish against her will with a deadly weapon, to wit: a metallic pipe." The jury found appellant guilty of Count II. As appellant correctly notes, either he committed a battery on Renee Kish, or he did not. We hold that the verdicts are inconsistent and therefore must be vacated.
634 So.2d at 282-83 (footnote omitted). We reject that analysis.
Accordingly, we approve the decision of the district court in the instant case and *828 disapprove Sgroi to the extent that it conflicts with this opinion.
It is so ordered.
KOGAN, C.J., and SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.