PER CURIAM.
Appellant challenges his conviction of resisting a retail merchant in violation of section 812.015(6). We reverse and remand for a new trial.
We reject appellant’s argument that the jury’s verdicts of not guilty on the charge of theft and guilty on the charge of resisting a retail merchant were “true” inconsistent verdicts, entitling him to acquittal on the latter charge. Cf. State v. Connelly, 24 Fla. L. Weekly S387, — So.2d -, 1999 WL 628784 (Fla.1999); Fayson v. State, 684 So.2d 270 (Fla. 1st DCA), aff'd 698 So.2d 825 (Fla.1997).
Appellant correctly argues that the jury should have been instructed that in order to convict appellant of resisting a retail merchant it had to find that appellant was committing or had committed theft. Section 812.015(6), Florida Statutes (1997), provides, in relevant part:
(6) An individual who, while committing or after committing theft of property ... resists the reasonable effort of a ... merchant [or] merchant’s employee ... to recover the property ... which the merchant [or] merchant’s employee ... had probable cause to believe the individual had concealed or removed from its place of display or elsewhere ... commits a misdemeanor of the first degree....
Because the jury was not instructed on all elements of the offense, it is necessary to remand for a new trial on this charge.
REVERSED and REMANDED.
BARFIELD, C.J., ERVIN and WOLF, JJ„ CONCUR.