867 So.2d 539 (2004)
Frederick LANE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-4057.
District Court of Appeal of Florida, First District.
February 27, 2004.
*540 Nancy A. Daniels, Public Defender; Richard M. Summa, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; James W. Rogers, Senior Assistant Attorney General and Daniel A. David, Assistant Attorney General, Tallahassee, for Appellee.
BENTON, J.
Frederick Lane appeals his conviction for resisting a merchant's employee's efforts to recover stolen property in violation of section 812.015(6), Florida Statutes (2002), arguing that the trial court's failure to instruct the jury on two of the elements of the crime constituted fundamental error. We affirm.
Mr. Lane was tried on an information that charged not only resisting a merchant's employee's efforts to recover stolen property, but also felony petit theft of the same property in violation of section 812.014(3)(c), Florida Statutes (2002), and was convicted on both charges.
The trial court gave the standard jury instruction regarding felony petit theft and, regarding resisting a merchant's employee's efforts to recover stolen property, instructed the jury:
Now as to Count II, before you can find the defendant guilty of resisting retail merchant without violence the State must prove the following three elements beyond a reasonable doubt, first that Frederick Lane ... resisted the reasonable efforts of Kevin Riddle to recover merchandise, second, at the time Kevin Riddle had probable cause to believe that Frederick Lane ... had concealed or removed merchandise from its place of display, and third, at the time Kevin Riddle was merchant employee.
While appellant now contends that this instruction omitted two elements of the statutory offense, at no time did trial counsel state any objection to any aspect of the jury instructions, or offer any alternative.
On appeal for the first time, appellant complains specifically that the jury was not required to find either that he had offered resistance while he was committing (or after he had already committed) a theft *541 of the merchandise he had removed or concealed; or that he knew or had reason to know that Mr. Riddle was a Walgreens employee. In pertinent part, the statute proscribing resisting a merchant's employee's efforts to recover stolen property provides:
An individual who, while committing or after committing theft of property, ... resists the reasonable effort of a ... merchant's employee ... to recover the property ... which the ... merchant's employee ... had probable cause to believe the individual had concealed or removed from its place of display or elsewhere... commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083, unless the individual did not know, or did not have reason to know, that the person seeking to recover the property was a ... merchant's employee.... For purposes of this section the charge of theft and the charge of resisting may be tried concurrently.
Section 812.015(6), Florida Statutes (2002). To convict under this statute, the state must indeed prove that the defendant resisted "while committing or after committing theft of property"; and that the person whose efforts to secure the property's recovery the defendant resisted was someone the defendant knew or had reason to know was (a merchant or) a merchant's employee.
But jury "[i]nstructions ... are subject to the contemporaneous objection rule, and, absent an objection at trial, can be raised on appeal only if fundamental error occurred. Castor v. State, 365 So.2d 701 (Fla.1978); Brown v. State, 124 So.2d 481 (Fla.1960)." State v. Delva, 575 So.2d 643, 644 (Fla.1991). Whether an omission or other error in jury instructions is fundamental depends, under the cases, on whether it pertains to a factual determination the jury must make in the particular case. While it can be "fundamental error to give a ... jury instruction which contained an erroneous statement as to the knowledge element of the charged crime," Reed v. State, 837 So.2d 366, 369 (Fla. 2002)or omitted the element altogether"[f]ailing to instruct on an element of the crime over which the record reflects there was no dispute is not fundamental error and there must be an objection to preserve the issue for appeal." Delva, 575 So.2d at 645. In the present case there was no dispute about Frederick Lane's knowledge that Kevin Riddle worked for Walgreens. His defense rested on his testimony that he had brought the merchandise into the store with him. Defense counsel made no other argument to the jury.
Otherwise stated, appellant's defense was that no property had been stolen. Reasonable doubt as to this element would have required acquittal, yet the theft element was also omitted from the jury instruction defining the crime of resisting a merchant's employee's efforts to recover stolen property. As we have held, such an omission is error. Williams v. State, 745 So.2d 465, 466 (Fla. 1st DCA 1999) ("Appellant correctly argues that the jury should have been instructed that in order to convict appellant of resisting a retail merchant it had to find that appellant was committing or had committed theft."). Because this element was in dispute, the error would require reversal here, notwithstanding the lack of an objection below, but for the fact that the same jury found Mr. Lane guilty on the same evidence on the theft count that was tried simultaneously.
The defendant in Williams was acquitted on the theft count. Here, where appellant was convicted on the theft count, we cannot say that the error in the instruction *542 on the resisting count "reach[ed] down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." Brown v. State, 124 So.2d 481, 484 (Fla.1960). The conviction for theft transformed the omission of theft as an element of the resisting count from fundamental error to error requiring preservation by trial counsel. See generally Pope v. State, 702 So.2d 221, 223-24 (Fla. 1997) ("The objection at trial must attack the instruction itself, either by submitting a[n] ... instruction or by making an objection to the instruction as worded.").
Affirmed.
BOOTH and LEWIS, JJ., concur.