[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-10507
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cv-21056-RNS

STEVE SENELUS,

Petitioner-Appellant,

versus

ATTORNEY GENERAL, STATE OF FLORIDA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 24, 2020)

Before ED CARNES, Chief Judge, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Steve Senelus, a Florida prisoner proceeding pro se, appeals from the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus that asserted several claims of ineffective assistance of counsel. We granted a certificate of appealability (COA) as to only one of those claims: whether Senelus' trial counsel was ineffective for failing to move for a judgment of acquittal based on inconsistent jury verdicts on his carjacking and robbery charges.

I.

In June 2004 Senelus held a 72-year-old landscaper at gunpoint and stole his pickup truck. By stealing the pickup truck, Senelus also stole a briefcase that was inside the truck. Senelus was caught, and a Florida assistant state attorney charged him by information with one count of armed carjacking, one count of battery on a person age 65 or older, and one count of armed robbery (for taking the briefcase). A jury found Senelus guilty of three lesser included offenses: grand theft (on the armed carjacking charge), simple battery (on the battery charge), and unarmed robbery (on the armed robbery charge). The state trial court adjudicated him guilty based on the verdict and sentenced him to 8 years in prison for grand theft, time served for battery, and 20 years in prison for robbery. The prison terms were to be served concurrently.

On direct appeal Senelus' grand theft conviction was vacated as a double jeopardy violation, but his robbery conviction remained. Proceeding pro se,

2

Senelus sought postconviction relief in Florida state court, where he raised seven different ineffective assistance of counsel claims. The state trial court denied all of those claims and a state appellate court affirmed without a written opinion.

Senelus then filed a § 2254 petition in federal district court. In it he raised the same seven ineffective assistance of counsel claims that he raised in his state postconviction proceedings. The district court denied all of them, and we granted a COA as to only one: that Senelus' trial counsel was ineffective for failing to move for a judgment of acquittal based on inconsistent jury verdicts on the carjacking and robbery charges. This is Senelus' appeal of that claim.[1]

II.

"When examining a district court's denial of a § 2254 habeas petition, we review questions of law and mixed questions of law and fact de novo, and findings of fact for clear error." Williams v. Allen, 542 F.3d 1326, 1336 (11th Cir. 2008) (quoting Grossman v. McDonough, 466 F.3d 1325, 1335 (11th Cir. 2006)). Senelus contends that his trial counsel's assistance was constitutionally ineffective under Strickland v. Washington, 466 U.S. 668 (1984). Strickland ineffective assistance of counsel claims are mixed questions of law and fact, so we review them de novo. See Williams, 542 F.3d at 1336.

---

[1] In his opening brief Senelus also challenged the denial of several of his other claims, but he expressly abandoned those challenges in his reply brief after the State pointed out in its response that the COA applied to one issue only.

3

III.

To be clear, Senelus is not arguing (as far as we can tell) that the jury's supposedly inconsistent verdicts violated his rights under the federal Constitution. If that were his argument, it would fail because the Supreme Court has said many times that inconsistent jury verdicts resulting in a conviction are not unconstitutional. See Dowling v. United States, 493 U.S. 342, 353–54 (1990); United States v. Powell, 469 U.S. 57, 65, 69 (1984); Harris v. Rivera, 454 U.S. 339, 345 (1981); Dunn v. United States, 284 U.S. 390, 393 (1932). Instead, Senelus is arguing under Strickland that his trial counsel was unconstitutionally ineffective for failing to move for a judgment of acquittal on the ground that the jury's verdicts were inconsistent under Florida law. Unlike the federal Constitution, Florida state law provides that in certain situations inconsistent jury verdicts do warrant vacating a conviction. See, e.g., Redondo v. State, 403 So. 2d 954, 956 (Fla. 1981); Mahaun v. State, 377 So. 2d 1158, 1161 (Fla. 1979). What we are addressing, then, is a Strickland claim that turns on an issue of Florida law.[2]

To prevail on a Strickland claim, a habeas petitioner must show (1) that his counsel's performance was deficient and (2) that he suffered prejudice from that

---

[2] The state court did not pass on the state law question underlying Senelus' Strickland claim. If it had done so, we would defer to its interpretation of state law and stop our analysis there. See Pinkney v. Secretary, DOC, 876 F.3d 1290, 1295 (11th Cir. 2017) ("[W]e must defer to the state's construction of its own law when the validity of the claim that [trial] counsel failed to raise turns on state law.") (quotation marks omitted).

deficient performance.  466 U.S. at 687.  Under the deficiency prong of Strickland there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id.  To overcome that presumption the petitioner must show that "no competent counsel would have taken the action that his counsel did take."  Chandler v. United States, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc).[3]

Senelus has not shown that his trial counsel was constitutionally deficient under the first prong of Strickland for failing to move for a judgment of acquittal on the ground that the jury's verdicts were inconsistent.  It was reasonable for trial counsel to decide not to make such a motion because it would have been meritless. See Bolender v. Singletary, 16 F.3d 1547, 1573 (11th Cir. 1994) (noting that "it is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance").

Inconsistent jury verdicts are generally permitted under Florida law "because jury verdicts can be the result of lenity and therefore do not always speak to the guilt or innocence of the defendant."  State v. Powell, 674 So. 2d 731, 733 (Fla.

---

[3] If the state court had denied Senelus' federal constitutional claim on the merits of that claim, its decision would have been entitled to deference under the Antiterrorism and Effective Death Penalty Act.  See 28 U.S.C. § 2254(d).  If it had denied his claim on state procedural grounds, we would not be able to review it at all.  See Williams v. Alabama, 791 F.3d 1267, 1272–73 (11th Cir. 2015).  Instead the state court appears to have denied Senelus' claim on the ground that it was moot.  When a state court takes such a "third path," denying the petitioner's claim neither on the merits nor on a ground that bars federal review, we review its decision de novo.  See id. at 1273.

5

1996).  There is an exception to that general rule: if a defendant is acquitted of one charge and found guilty of another, and the charge of which he is acquitted is an "essential element" of the charge of which he is found guilty, the guilty verdict cannot stand.  See Fayson v. State, 684 So. 2d 270, 271–72 (Fla. 1st DCA 1996), aff'd on other grounds, 698 So. 2d 825, 827 (Fla. 1997).  For example, a defendant cannot be convicted of felony murder and, at the same time, be acquitted of the underlying felony.  See Mahaun, 377 So. 2d at 1161.  And a defendant cannot be convicted of possession of a firearm during the commission of the felony if he is acquitted of the underlying felony.  See Redondo, 403 So. 2d at 956.  Where, however, the jury's verdicts are "logically inconsistent" under the facts of the case but not "legally inconsistent," Florida law permits them to stand.  Fayson, 684 So. 2d at 271–72.

At most, the jury verdicts at Senelus' trial might have been logically inconsistent under the facts of this case.  Under Florida law carjacking has as an element the use of force, violence, assault, or putting in fear, see Fla. Stat. § 812.133(1), and grand theft does not, see id. § 812.014(1).  Senelus suggests that by finding him guilty of grand theft instead of carjacking, the jury found that he took the victim's pickup truck without the use of force, violence, assault, or putting in fear.  At the same time, by finding Senelus guilty of robbery the jury found that he took the victim's briefcase by use of force, violence, assault, or putting in fear.

6

See id. § 812.13(1).  The argument is that verdict makes no sense because Senelus took both the pickup truck and the briefcase at the same time and with a single act.

But Senelus has not shown that the jury's verdicts were legally inconsistent. Carjacking is not an essential element of robbery in the same way that an underlying felony is an essential element of felony murder.  Florida law does not require the State to prove that a defendant committed a carjacking before he may ever be convicted of robbery.

This case is like Fayson.  In Fayson the defendant was charged with burglary of a dwelling with a battery (that is, burglary aggravated by the commission of a battery), false imprisonment, aggravated assault, and aggravated battery.  See 684 So. 2d at 271.  On the first count the jury found him guilty of burglary, a lesser-included offense, and it found him guilty as charged on every other count.  Id.  The defendant argued that the jury's verdicts were inconsistent because, by finding him guilty of burglary instead of burglary with a battery, the jury found that he did not commit a battery — and yet the jury also found him guilty of aggravated battery based on the same conduct.  Id.  A Florida appellate court rejected the defendant's argument because "the finding of guilt on a charge of burglary with a battery was not necessary to the charge of aggravated battery."  Id. at 272.

Here, as in Fayson, the jury's guilty finding on a lesser included offense of one count might be logically inconsistent with its guilty finding on another count

7

under the facts of the case.  But here, as in <u>Fayson</u>, the jury's verdicts are still legally sound because the defendant was not acquitted of a charge that was, in itself, an essential element of another charge of which he was found guilty.

In light of <u>Fayson</u> and the other Florida cases we have discussed, an argument that Senelus was entitled to a judgment of acquittal on the ground that the jury's verdicts were inconsistent would have been meritless.  That means Senelus has not shown, as required by the deficiency prong of <u>Strickland</u>, that "no competent counsel would have taken the action that his counsel did take." <u>Chandler</u>, 218 F.3d at 1315.  And we presume that Florida judges know and apply Florida law.  <u>See</u> <u>Bell v. Cone</u>, 543 U.S. 447, 455 (2005); <u>Arave v. Creech</u>, 507 U.S. 463, 471 (1993).  As a result, Senelus has also failed to satisfy the prejudice prong of <u>Strickland</u>.

**AFFIRMED.**