601 So.2d 1292 (1992)
Generoso LLEO, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1986.
District Court of Appeal of Florida, First District.
July 2, 1992.
*1293 Nancy A. Daniels, Public Defender, Carol Ann Turner, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Marilyn McFadden, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant, an inmate in the state correctional system, seeks review of his convictions, imposed after a jury trial, for two counts of possession of contraband in a state correctional institution, in violation of Section 944.47(1)(c), Florida Statutes (1989). Appellant presents two arguments: (1) that the jury's verdicts finding him guilty on the two counts charging possession of contraband are legally inconsistent with the same jury's verdict finding him not guilty, by reason of insanity, on a third count charging aggravated battery; and (2) in the alternative, that the evidence presented at trial was legally insufficient to sustain the jury's verdicts finding him guilty of two counts of possession of contraband. We affirm in part, and reverse in part.
We are unable to agree with appellant that the jury's verdict of not guilty, by reason of insanity, on the count charging aggravated battery is legally inconsistent with the jury's guilty verdicts on the two counts charging possession of contraband in a state correctional institution. Instead, we are of the opinion that the jury's verdicts reflect only what has been referred to as a "logical inconsistency," which has long been recognized as an acceptable exercise by the jury of its power of lenity. See, e.g., Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932); Goodwin v. State, 157 Fla. 751, 26 So.2d 898 (1946); Naumowicz v. State, 562 So.2d 710 (Fla. 1st DCA 1990), review denied, 576 So.2d 289 (Fla. 1991); Gonzalez v. State, 449 So.2d 882 (Fla. 3d DCA), review denied, 458 So.2d 274 (Fla. 1984). Moreover, we note that the testimony of Dr. Clifford Levin, a psychologist who testified for appellant, was the only evidence upon which a finding that appellant was legally insane could have been based. In our opinion, Dr. Levin's testimony is susceptible to the interpretation that, while appellant was suffering from a "delusional disorder" which prevented appellant from forming the specific intent necessary to support a conviction for aggravated battery; appellant was capable of forming the intent necessary to support a conviction for possession of contraband.
However, we do agree with appellant that the evidence presented at trial was legally insufficient to sustain the jury's verdicts finding him guilty of two counts of possession of contraband in a state correctional institution. In our opinion *1294 the decision in State v. Watts, 462 So.2d 813 (Fla. 1985), compels such a conclusion.
Accordingly, we affirm appellant's conviction for possession of contraband in a state correctional institution, as charged in Count III of the information; reverse appellant's conviction for possession of contraband in a state correctional institution, as charged in Count II of the information; and remand with directions that the trial court vacate the original judgment and sentence, and enter a new judgment and sentence which are consistent with this opinion.
REVERSED and REMANDED, with directions.
BOOTH, WIGGINTON and WEBSTER, JJ., concur.