JOANOS, Chief Judge.
Appellant, Charles Rozier, challenges his convictions and the sentences imposed for possession of cocaine and possession of the same cocaine in a county jail. The issue is whether double jeopardy principles prohibit the dual convictions and sentences in this case. We reverse.
The operative facts are undisputed. On March 26, 1991, one week before his arrest for the subject offenses, appellant was issued a trespass warning by the Griffin Heights Apartments. On April 5, 1991, an officer on duty at the apartments observed appellant with three or four friends, as they were about to walk across the parking lot of the apartment complex. Because the officer knew appellant had been issued a trespass warning, he stopped appellant and warned him not to go on the property. Upon receipt of the officer’s warning, appellant and his friends stepped back from the apartment complex property to a grassy area where they stood and talked.
Five minutes later, appellant ran onto the apartment property, grabbed a bicycle, and then began riding it in circles while talking with his friends. The officer placed appellant under arrest, conducted a pat-down, and then asked appellant if he had anything on his person which the officer should know about before taking him to the county jail. Appellant responded in the negative. Later, crack cocaine was found on appellant’s person during the search conducted at the county jail.
Appellant’s motion to suppress the evidence discovered in the county jail search was denied. Appellant then pled nolo con-tendere to the charges, reserving his right to appeal the denial of his motion to suppress. He was adjudicated guilty of both possession offenses, and placed on concurrent five-year terms of probation, with a special condition that he serve eleven months and twenty-nine days in jail. A concurrent sixty-day sentence was imposed for the trespass misdemeanor.
Appellant was charged under section 893.13(l)(f), Florida Statutes,[1] with possession of cocaine, a third degree felony, and under section 951.22, Florida Statutes,[2] *196 with possession of contraband in a county detention facility, also a third degree felony. Both possession charges involve the same controlled substance, i.e., the crack cocaine discovered on appellant’s person during a body search at the county jail.
The double jeopardy clause of the United States Constitution provides: “[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb.” U.S. Const, amend. V. The equivalent clause in the Florida Constitution provides: “No person shall be ... twice put in jeopardy for the same offense.” Art. I, § 9, Fla. Const. In Illinois v. Vitale, 447 U.S. 410, 415, 100 S.Ct. 2260, 2264, 65 L.Ed.2d 228, 235 (1980), the Court enumerated three guarantees afforded by the constitutional protection against double jeopardy: (1) protection against a second prosecution for the same offense after an acquittal; (2) protection against a second prosecution for the same offense after conviction; and (3) protection against multiple punishments for the same offense. See also Scalf v. State, 573 So.2d 202, 203 (Fla. 1st DCA 1991). We are concerned with the last category.
To determine whether two statutory criminal offenses are separate, and so subject to multiple punishments, the Block-burger test[3] applies, i.e., if the statutory elements of each offense do not require proof of a fact that the other does not, the criminal offenses are not separate.[4]
The possession of controlled substance charges at issue in this case arose solely in the course of the county jail search. Appellant was charged in one count with simple possession of cocaine, contrary to section 893.13(l)(f), a third degree felony; and in the other count, with possession of contraband in a county detention facility, contrary to section 951.22, also a third degree felony. The conduct proscribed by section 893.13(l)(f) is the unauthorized possession of a controlled substance. The conduct proscribed by section 951.22 is the unauthorized possession of contraband, including any controlled substance, in a county detention facility. The only distinction between the two offenses with which appellant was charged is the additional element of proof required to prove a violation of section 951.22, i.e., that the offense occurred in a county detention facility. The conduct in this case which gave rise to the charges filed under separate provisions of the Florida Statutes is identical. Moreover, the possession of cocaine charge does not include any element distinct from the charge of possession of contraband in a county detention facility.
We conclude that the double jeopardy clauses of the constitutions of Florida and of the United States preclude appellant’s conviction for both possession of cocaine and possession of the same cocaine in a county detention facility. In making this determination, we reject the state’s argument that section 775.021(4)(a), Florida Statutes (1991), permits the dual convictions and sentences imposed in this case.
Accordingly, appellant’s conviction for possession of cocaine, pursuant to section *197 893.13(l)(f), Florida Statutes, is reversed and the sentence imposed thereon is vacated.
SMITH and MINER, JJ., concur.

. § 893.13(l)(f), Fla.Stat. (1989), provides in part:
§ 893.13(l)(f) — It is unlawful for any person to be in actual or constructive possession of a controlled substance unless such controlled substance was lawfully obtained from a practitioner or pursuant to a valid prescription or order of a practitioner ... Any person who violates this provision is guilty of a felony of the third degree, ...

. § 951.22, Fla.Stat. (1989), provides in part:
(1) It is unlawful, except through regular channels as duly authorized by the sheriff or officer in charge, to introduce into or possess upon the grounds of any county detention facility ... any of the following articles which are hereby declared to be contraband for the purposes of this act, ... any ... controlled substances as defined in s. 893.02(4); ...
*196 (2) Whoever violates subsection (1) shall be guilty of a felony of the third degree, ...

. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

. The test has been codified in the Florida Statutes at section 775.021(4), which provides:
(4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
§ 775.021(4), Fla.Stat. (1989).