661 So.2d 93 (1995)
Henry TURNER, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2094.
District Court of Appeal of Florida, Fifth District.
September 1, 1995.
Rehearing Denied October 10, 1995.
James B. Gibson, Public Defender, and Lyle Hitchens, Assistant Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Steven J. Guardiano, Assistant Attorney General, Daytona Beach, for appellee.
W. SHARP, Judge.
Turner appeals from his judgment and sentences received after he was found guilty of possession of cocaine,[1] and possession of contraband in a county detention center or introduction of contraband into a county detention center.[2] He argues he was denied a fair trial because the trial court limited defense counsel's closing argument to thirty minutes. He also argues his convictions for both crimes in this case violated double jeopardy principles. We disagree with the first argument, given the circumstances of this case. However, we agree Turner should not have been convicted and sentenced for both crimes, since they involved the same cocaine being found in his sole possession when he was delivered to a Marion County Jail facility following his arrest.
Section 775.021(4), Florida Statutes (1993) provides:
(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, ... shall be sentenced separately for each criminal offense; ... . For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.

*94 (b) ... Exceptions to this rule of construction are:
* * * * * *
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
In essence, Florida has adopted the Blockburger[3] test to determine whether it is proper to try to convict a defendant for multiple crimes in the context of one prosecution. This statute borrows double jeopardy concepts and principles and applies them, whether or not the double jeopardy provisions of the State of Florida and the United States Constitutions are applicable. At this point, it is not clear to us that the United States Supreme Court or the Florida Supreme Court has applied the constitutional double jeopardy provisions in the context of a single criminal prosecution.[4]
Rozier v. State, 620 So.2d 194 (Fla. 1st DCA), rev. denied, 629 So.2d 135 (Fla. 1993), is indistinguishable from this case. In that case, Rozier was convicted of both possession of cocaine[5] and possession of the same cocaine in a county jail. As in this case, the cocaine was discovered when Rozier was searched at the jail, after being arrested. The court noted that the possession charge arose solely in the context of the county jail search. The only distinction between the two offenses charged was the additional element of proof for section 951.22 that the offense occurred in a county detention facility. The court stated that the simple possession charge includes no element distinct from the charge of possession of contraband in the jail facility. The court concluded that double jeopardy principles barred Rozier's conviction for both crimes. See also Shivers v. State, 593 So.2d 318 (Fla. 5th DCA 1992).
Accordingly, we reverse Turner's conviction for possession of cocaine pursuant to section 893.13(6)(a) and vacate the sentence imposed for that crime. We affirm Turner's conviction and sentence for possession or introduction of cocaine in a detention facility pursuant to section 951.22.
AFFIRMED in part; REVERSED in part.
THOMPSON, J., concurs.
GRIFFIN, J., dissents with opinion.
GRIFFIN, Judge, dissenting.
The jury found the defendant guilty of two separate offenses: possession of cocaine and introduction of contraband into a county detention facility. I think these are two separate offenses separately punishable under Florida law. § 775.021(4), Florida Statutes (1993).
NOTES
[1] §§ 893.13(6)(a), 893.03(2)(a)4, Fla. Stat. (1993).
[2] § 951.22(1), Fla. Stat. (1993) provides: "It is unlawful ... to introduce into or possess upon the grounds of any county detention facility ... controlled substances as defined in s. 893.02(4)... ."
[3] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
[4] Missouri v. Hunter, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983); Carawan v. State, 515 So.2d 161 (Fla. 1987).
[5] The statute involved in Rozier was section 893.13(1)(f), Florida Statutes (1989), which provided:

It is unlawful for any person to be in actual or constructive possession of a controlled substance unless such controlled substance was lawfully obtained from a practitioner or pursuant to a valid prescription or order of a practitioner... .