HARRIS, Judge.
Connelly was charged with introduction or possession of cannabis upon the grounds of a county detention facility and, in a separate count, possession of that same cannabis. The jury convicted on the first count but acquitted on the second. The defense urged, and the trial court agreed, that the verdicts are inconsistent. The trial court granted the motion for arrest of judgment as follows:
I think that when the jury finds [the appel-lee] not guilty on the possession, which is admittedly a lesser-included offense of the introduction or possession on the correctional or penal institution, and they find him guilty of the higher offense, I think they are inconsistent.
The State appeals.[1] We affirm but certify the issue.
The problem that faces the courts when considering inconsistent verdicts is in determining whether the jury is truly inconsistent in its findings or has merely granted the defendant a jury pardon or partial jury pardon on one count believing that it has convicted him or .her on the other count. This was the problem that faced the United States Supreme Court in Dunn v. United States, 284 U.S. 390, 393, 52 S.Ct. 189, 76 L.Ed. 356 (1932), in which Justice Holmes, writing for the court, explained:
Consistency in the verdict is not necessary. Each count in an indictment is regarded as if it was a separate indictment. (Citations omitted.) ... As was said in Steckler v. United States, 7 F.2d 59, 60 (C.C.A.2 1925):
‘ The most that can be said in such cases is that the verdict shows that either in the acquittal or the conviction the jury did not speak their- real conclusions, but that does not show that they were not convinced of the defendant’s guilt. We interpret the acquittal as no more than their assumption of a power which they had no right to exercise, but to which they were disposed through lenity.’
Thus, Dunn upheld the conviction for maintaining a common nuisance by keeping for sale at a specified place intoxicating liquor even though the jury acquitted the defendant of the charges of possession and sale of such liquor.
This court followed the Dunn analysis in Bufford v. State, 473 So.2d 795, 796 (Fla. 5th DCA 1985), rev. denied, 482 So.2d 347 (Fla. 1986):
The jury pardon concept is a well-accepted principle throughout the majority of jurisdictions. [Citations omitted]. In Florida, courts have observed that an inconsistency in verdicts is the price for investing the jury with mercy dispensing powers. [Citations omitted]. Further, the preservation of the jury “pardon power” is the basis for the rule that the jury must be charged on all necessarily lesser included offenses.
In our case, the trial court acknowledged that the principle of double jeopardy would prevent the defendant from being convicted of both the possession required for the first count and separately for possession of the same cannabis as alleged in the second count. Is it unreasonable, therefore, to assume that the jury also believed that a double conviction would be unjust under the facts of this case and elected to “pardon” the defendant on Count II believing that Connelly would be adequately punished under his conviction on Count I? The question before us is, assuming the jury pardoned the defendant on Count II, does the law require that the defendant be *285 acquitted on Count I because Count II involved possession of the same cannabis? In Redondo v. State, 403 So.2d 954 (Fla. 1981), our supreme court held that a conviction for unlawful possession of a firearm while engaged in the commission of a felony could not stand when the jury, instead of convicting the defendant for committing the alleged felony, found that he had committed only a misdemeanor.[2] At first blush, it appears only logical that if the predicate felony is rejected, then the compound charge of possession of a firearm during the felony must fail.[3] But the jury in convicting on the possession of a firearm during the commission of a felony count must have found that a felony existed for that count. If the jury believed that only one felony conviction was justified in this case and elected a lesser included offense as an alternative to the second felony charge, must the defendant be cleared of the felony conviction? Redondo does not discuss the possibility that the felony count may have been reduced to a misdemeanor because of lenity. It does hold, however, that the failure of the jury to convict for the predicate felony precludes it from having found the necessary felony in the compound charge. Even so, in Redondo there would have been no apparent injustice in convicting for both counts since a conviction on both counts would not have created a double jeopardy problem.
From a review of the cases in other jurisdictions, Florida seems to stand in the minority in not recognizing that a jury’s acquittal on one count should not affect the jury’s conviction on another count even in compound charge cases in which the predicate offense is charged as a separate count.[4] But even in Florida the jury is instructed that “[a] finding of guilty or not guilty as to one count must not affect your verdict as to the other crimes charged.” In the case before us,[5] it is almost certain that the jury exercised lenity. It is highly doubtful that if the jury truly believed that Connelly did not possess the cannabis it would have convicted him of its introduction or possession upon the grounds of the detention facility. Since the evidence of possession was the same, did the jury suddenly become confused before con *286 sidering the second count or did it merely believe, as does the law, that one conviction is sufficient under the circumstances of this case? In this situation, should we not interpret, as did the court in Steckler as cited in the Dunn opinion, the acquittal as jury lenity?
We affirm because of Redondo but certify the following question to the supreme court:
WHEN A JURY REFUSES TO CONVICT ON ONE COUNT OF A TWO COUNT INFORMATION IN A SITUATION IN WHICH A CONVICTION FOR BOTH COUNTS WOULD CONSTITUTE DOUBLE JEOPARDY, DOES ITS ACQUITTAL ON THE ONE COUNT, WHEN THAT COUNT DUPLICATES AN ESSENTIAL ELEMENT OF THE OTHER, REQUIRE AN ACQUITTAL ON THE OTHER COUNT?
GRIFFIN, C.J., concurs.
DAUKSCH, J., concurs in result only without opinion.

. We reject the State’s contention that Connelly could have "introduced” the cannabis onto the grounds of the detention facility without actually possessing it.

. The court in Streeter v. State, 416 So.2d 1203 (Fla. 3d DCA 1982), interprets Redondo as creating an exception to the general rule that separate counts must be viewed independently by holding that what the jury fails to find in one count vitiates a guilty verdict in another count if the jury makes a contrary finding on the same evidence.

. There was a movement by some federal appellate courts to engraft an exception to the Dunn rule which would have had bearing on the Re-dondo decision. The exception would hold that if one is acquitted of a predicate offense, then a conviction for the compound offense cannot stand because the acquittal shows that there must have been insufficient evidence to convict on either charge. This reasoning was rejected by the United States Supreme Court in United States v. Powell, 469 U.S. 57, 63, 67-68, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984), in which the court, although receding from a portion of the reasoning of Dunn, nevertheless rejected the proposed exception and reaffirmed the Dunn rule:
Fifty-three years later most of what Justice Holmes so succinctly stated retains its force ... This court noted that Dunn ... established] "the unreviewable power of a jury to return a verdict of not guilty for impermissible reasons.”
... [T]his is not a case where a once-established principle has gradually been eroded by subsequent opinions of this Court. Nevertheless, recent decisions in the Courts of Appeals have begun to carve exceptions out of the Dunn rule.
[[Image here]]
Respondent contends, nevertheless, that an exception to the Dunn rule should be made where the jury acquits a defendant of a predicate felony, but convicts on the compound felony. Such an "exception” falls almost on its own weight. ...
Second, respondent's argument that an acquittal on a predicate offense necessitates a finding of insufficient evidence on a compound felony count simply misunderstands the nature of the inconsistent verdict problem. Whether presented as an insufficient evidence argument, or as an argument that the acquittal on the predicate offense should collaterally estop the Government on the compound felony offense, the argument necessarily assumes that the acquittal on the predicate offense was proper — the one the jury "really meant.”

. It might well be a better decision if the State elected not to file lesser included offenses as separate charges in separate counts. But that is a filing decision.

. Our case does not involve a predicate offense; it does, however, involve a predicate element— possession. Should it matter?