748 So.2d 248 (1999)
STATE of Florida, Petitioner,
v.
John J. CONNELLY, Respondent.
No. 93,507.
Supreme Court of Florida.
August 19, 1999.
Robert A. Butterworth, Attorney General, and Steven J. Guardiano, Senior Assistant Attorney General, Daytona Beach, Florida, for Petitioner.
James B. Gibson, Public Defender, and Susan A. Fagan, Assistant Public Defender, Seventh Judicial Circuit, Daytona Beach, Florida, for Respondent.
WELLS, J.
We have for review State v. Connelly, 716 So.2d 283 (Fla. 5th DCA 1998), wherein the court certified the following question to be of great public importance:
WHEN A JURY REFUSES TO CONVICT ON ONE COUNT OF A TWO COUNT INFORMATION IN A SITUATION IN WHICH A CONVICTION FOR BOTH COUNTS WOULD CONSTITUTE DOUBLE JEOPARDY, DOES ITS ACQUITTAL ON THE ONE COUNT, WHEN THAT COUNT DUPLICATES AN ESSENTIAL ELEMENT OF THE OTHER, REQUIRE AN ACQUITTAL ON THE OTHER COUNT?
Id. at 286. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We rephrase the certified question so that it conforms with the issue as we understand it to be presented by this case:
When a defendant is charged in an information with more than one count and the jury convicts on one count and acquits on one count, are the verdicts inconsistent or "truly" inconsistent when the legal elements of crimes charged in the counts do not interlock but the facts necessary to prove each of the counts do interlock?
*249 We answer the rephrased certified question by stating that the verdicts are inconsistent but not "truly" inconsistent. We quash the decision of the district court and direct the reinstatement of Connelly's conviction for the offense of introducing contraband into a detention facility.
Respondent John Jay Connelly was charged with one count of introducing or possessing contraband upon the grounds of a county detention facility[1] (Count I) and a separate count of possession of cannabis not in excess of twenty grams (Count II).[2] A jury trial followed. At the trial, the evidence showed that, as Connelly was entering the Brevard County Detention Center for weekend jail duty, a corrections officer took Connelly into the shower room of the detention center so that Connelly could shower and change into a prison uniform. Just after Connelly removed his underwear, the officer saw a plastic bag on the floor in or under Connelly's clothing. In the bag was some "tobacco-like substance," a lighter, some unused matches, some rolling papers, and three hand-rolled cigarettes which were found to contain cannabis.
At the close of the evidence, the jury was charged as follows:
John J. Connelly, the defendant in this case has been accused of the crimes of introducing contraband article upon the grounds of a correctional or penal institution, II, possession of not more than 20 grams of cannabis.
In its verdict, the jury found:
We, the jury, find as follows in Count I, as to the defendant in this case: (check one only)
 X (A) The Defendant, John Jay Connelly,
 is Guilty of Introducing Contraband
 Article Upon The Grounds Of A
 Correctional Or Penal Institution.
 ___ (B) The Defendant John Jay Connelly is
 is Not Guilty.
We, the jury, find as follows in Count II, as to the defendant in this case: (check one only)
 ___ (A) The Defendant, John Jay Connelly
 is Guilty of Possession of Not
 More Than 20 Grams of Cannabis.
 X (B) The Defendant, John Jay Connelly
 is Not Guilty.
Connelly filed a post-trial motion for arrest of judgment based on the inconsistency of the verdicts. In granting the defendant's motion for arrest of judgment, the trial court stated:
I think that when the jury finds him not guilty of the possession, which is admittedly a lesser-included offense of the introduction or possession on the correctional or penal institution, and they find him guilty of the higher offense, I think they're inconsistent.
And I think, based on that inconsistency, I've got to grant your motion for arrest of judgment and I will so grant that motion at this time.
*250 The trial judge further indicated that she was relying partly upon the Fifth District's decision in Turner v. State, 661 So.2d 93 (Fla. 5th DCA 1995), in respect to her decision that the possession was a lesser included offense of the introduction or possession. In Turner, the appellant had been convicted of simple possession of cocaine and of possession or introduction of cocaine into a detention facility under sections 893.13(6)(a) and 951.22(1), Florida Statutes (1993), the statutes under which Connelly was charged in this case. Turner argued that his convictions for both crimes violated double jeopardy principles, and the Fifth District agreed and reversed Turner's conviction for simple possession of cocaine. Id. at 94.
Here, the Fifth District affirmed the trial court's arresting of the judgment "because of this Court's decision in Redondo v. State, 403 So.2d 954 (Fla.1981), and certified its question to this Court. Connelly, 716 So.2d at 286. The Fifth District's analysis focused upon a problem it found to have been dealt with by the United States Supreme Court in Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932). 716 So.2d at 284. The Fifth District stated the problem as:
The problem that faces the courts when considering inconsistent verdicts is in determining whether the jury is truly inconsistent in its findings or has merely granted the defendant a jury pardon or partial jury pardon on one count believing that it has convicted him or her on the other count.
Id. The Fifth District then presented the following analysis:
In our case, the trial court acknowledged that the principle of double jeopardy would prevent the defendant from being convicted of both the possession required for the first count and separately for possession of the same cannabis as alleged in the second count. Is it unreasonable, therefore, to assume that the jury also believed that a double conviction would be unjust under the facts of this case and elected to "pardon" the defendant on Count II believing that Connelly would be adequately punished under his conviction on Count I? The question before us is, assuming the jury pardoned the defendant on Count II, does the law require that the defendant be acquitted on Count I because Count II involved possession of the same cannabis?
In Redondo v. State, 403 So.2d 954 (Fla.1981), our supreme court held that a conviction for unlawful possession of a firearm while engaged in the commission of a felony could not stand when the jury, instead of convicting the defendant for committing the alleged felony, found that he had committed only a misdemeanor. At first blush, it appears only logical that if the predicate felony is rejected, then the compound charge of possession of a firearm during the felony must fail. But the jury in convicting on the possession of a firearm during the commission of a felony count must have found that a felony existed for that count. If the jury believed that only one felony conviction was justified in this case and elected a lesser included offense as an alternative to the second felony charge, must the defendant be cleared of the felony conviction? Redondo does not discuss the possibility that the felony count may have been reduced to a misdemeanor because of lenity. It does hold, however, that the failure of the jury to convict for the predicate felony precludes it from having found the necessary felony in the compound charge. Even so, in Redondo there would have been no apparent injustice in convicting for both counts since a conviction on both counts would not have created a double jeopardy problem.
From a review of the cases in other jurisdictions, Florida seems to stand in the minority in not recognizing that a jury's acquittal on one count should not affect the jury's conviction on another *251 count even in compound charge cases in which the predicate offense is charged as a separate count. But even in Florida the jury is instructed that "[a] finding of guilty or not guilty as to one count must not affect your verdict as to the other crimes charged." In the case before us, it is almost certain that the jury exercised lenity. It is highly doubtful that if the jury truly believed that Connelly did not possess the cannabis it would have convicted him of its introduction or possession upon the grounds of the detention facility.[[3]] Since the evidence of possession was the same, did the jury suddenly become confused before considering the second count or did it merely believe, as does the law, that one conviction is sufficient under the circumstances of this case? In this situation, should we not interpret, as did the court in Steckler [v. United States, 7 F.2d 59, 60 (2d Cir.1925),] as cited in the Dunn opinion, the acquittal as jury lenity?
Connelly, 716 So.2d at 284-86.
We have set out this analysis in detail in order to clarify two underlying issues that concerned both the trial court and the district court in this case. First, we point out that section 951.22, Florida Statutes, is what we have found to be an alternative conduct statute in that the statute prohibits "introduction or possession." In Gibbs v. State, 698 So.2d 1206 (Fla. 1997), we held that, for purposes of determining whether a double-jeopardy violation has occurred, we require courts to analyze an alternative conduct statute by breaking out and comparing only the specific alternative conduct that is the same as the conduct prohibited by the other statute being compared. Id. at 1209-10. Moreover, we have held that a double jeopardy violation does occur in such a situation if the prosecution is for the same conduct under both statutes. Id. at 1210. See also Paccione v. State, 698 So.2d 252 (Fla.1997). In this case, however, the prosecution of Connelly on the two separate counts did not concern the same conduct. The prosecution in respect to Count I was solely for the act of introduction; the prosecution in Count II was for the act of simple possession. Thus, we do not agree with the district court's holding, attributed to the trial court, that double jeopardy prevented Connelly from being convicted of both Count I and Count II. However, this holding is not contrary to Turner because, as we read Turner, both convictions in that case were based upon possession of cocaine rather than one conviction being based upon "introducing" and the other based upon "possessing."
Second, we do not agree with the district court's opinion insofar as it fails to recognize that, in this case, the trial judge instructed the jury in respect to Count I only as to "introducing," but not as to the alternative conduct of "possessing" under section 951.22, Florida Statutes. Similarly, the jury's verdict as to Count I was only as to introducing contraband, not as to possessing contraband. We make this point because we conclude that possession is not a necessarily included lesser offense of the offense of "introducing" under this section. We find this point to be analogous to our decision in State v. McCloud, 577 So.2d 939 (Fla.1991). In McCloud, the defendant argued that he could not be convicted of possession of cocaine and sale of the same cocaine because possession is a lesser-included offense of sale. Id. at 940. We held:
An offense is a lesser-included offense for purposes of section 775.021(4) only if the greater offense necessarily includes the lesser offense. We conclude that because there are situations, as illustrated by the above cases, where a sale can occur without possession, possession is *252 not an essential element of sale and is therefore not a lesser-included offense.
Id. at 941. In respect to introducing contraband, which was the charge in the instant case, there are situations in which a person could introduce contraband onto the grounds of a detention facility without possessing it. For example, a person could cause another person, such as a relative or friend, to bring the contraband into the detention facility, and introduction thereby would occur without possession. See, e.g., Daudt v. State, 368 So.2d 52 (Fla. 2d DCA 1979).
Having stated our view as to double jeopardy analysis, we conclude that this case presents an issue that differs from issues involving double jeopardy or necessarily included offenses. This case presents the question of whether jury verdicts are "truly inconsistent" within the meaning of that phrase as provided in Fayson v. State, 698 So.2d 825, 827 (Fla. 1997), when the verdicts are based upon inconsistent factual findings, or whether such verdicts are merely inconsistent and thus permitted under Fayson, State v. Powell, 674 So.2d 731 (Fla.1996), and Goodwin v. State, 157 Fla. 751, 26 So.2d 898 (1946). Our cases concerning "truly inconsistent" verdicts come into play when verdicts against one defendant refer to legally interlocking charges. Fayson, 698 So.2d at 827.[4]See also Eaton v. State, 438 So.2d 822 (Fla.1983); Redondo; Mahaun v. State, 377 So.2d 1158 (Fla.1979). We have not extended the truly inconsistent verdict exception to verdicts that are factually inconsistent. Such an extension would be contrary to Justice Anstead's widely cited opinion in Gonzalez v. State, 440 So.2d 514 (Fla. 4th DCA 1983), which states in relevant part:
[H]aving received the benefit of the jury's [acquittal of Gonzalez on possession of a firearm during the commission of a felony], we do not believe Gonzalez is entitled to use that action as a means for setting aside the finding of guilt on the robbery charge. Unlike the cases relied on by Gonzalez and discussed above, possession of a firearm during the commission of a felony is not a necessary element of the crime of robbery with a firearm. While it may be true that one cannot be convicted of possession of a firearm during the commission of a felony if it has been legally established that no felony took place, the converse is not true, at least in our view....
In our view, since juries have the inherent authority to acquit a defendant of all or any of the charges, it is impossible to determine whether verdicts convicting a defendant of some charges and acquitting him of others are "truly" inconsistent.
Id. at 516.
We recognize that the jury's verdicts in this case are factually inconsistent, as were the verdicts in Gonzalez. Under the evidence, for Connelly to have introduced contraband, such contraband would have had to have been in his possession based on the fact that no evidence indicated that he otherwise caused the introduction of the contraband upon the grounds of the detention facility. Thus, it was inconsistent for the jury to acquit on the simple possession charge. However, the general rule is that inconsistent verdicts are permitted in Florida, as we have pointed out in our cases in which we have held that "truly" or legally interlocking inconsistent verdicts require acquittal. Eaton; Redondo; Mahaun. We have stated that inconsistent verdicts are allowed because jury verdicts can be the result of lenity, and, therefore, verdicts do not always speak to the guilt or innocence of a defendant. Fayson, 698 So.2d. at 826-27. As in Gonzalez, *253 we recognize that, upon the facts in the record, we cannot determine the reason that Connelly's jury used its inherent authority to acquit Connelly of the simple possession charge. Accordingly, we find that this case is controlled not by Redondo but rather by Powell and Fayson. We find the verdicts as to Counts I and II to be factually inconsistent but not "truly" inconsistent.
Having limited the certified question to the facts of the present case, we answer the question by stating that the verdicts are inconsistent but not "truly" inconsistent. We quash the decision of the district court and remand with directions that the trial court's arrest of judgment be reversed and that Connelly's conviction as to Count I be reinstated.
It is so ordered.
HARDING, C.J., and SHAW, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] Count I was based upon an alleged violation of section 951.22, Florida Statutes (1995), an alternative conduct statute providing in relevant part:

(1) It is unlawful, except through regular channels as duly authorized by the sheriff or officer in charge, to introduce into or possess upon the grounds of any county detention facility as defined in s. 951.23 ... any of the following articles which are hereby declared to be contraband for the purpose of this act, to wit: ... any cigarette as defined in s. 210.01(1); ... any narcotic, hypnotic, or excitative drug or drug of any kind or nature, including ... controlled substances as defined in s. 893.02(4);....
(Emphasis added.)
[2] Count II was based upon an alleged violation of section 893.13(6)(a) and (b), Florida Statutes (1995), providing in relevant part:

(a) It is unlawful for any person to be in actual or constructive possession of a controlled substance unless such controlled substance was lawfully obtained from a practitioner or pursuant to a valid prescription....
(b) If the offense is the possession of not more than 20 grams of cannabis, as defined in this chapter, the person commits a misdemeanor of the first degree....
[3] The Fifth District mistakenly indicates that the jury convicted Connelly in Count I of "introduction or possession," although the jury actually convicted Connelly only of introduction in Count I.
[4] In Fayson, we stated that:

This Court has recognized only one exception to the general rule allowing inconsistent verdicts. This exception, referred to as the "true" inconsistent verdict exception, comes into play when verdicts against one defendant on legally interlocking charges are truly inconsistent.