829 So.2d 948 (2002)
Tyree DESIRE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-3706.
District Court of Appeal of Florida, Fourth District.
October 30, 2002.
*949 Carey Haughwout, Public Defender, and Ellen Griffin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
MAY, J.
The defendant appeals his convictions for possession of cocaine, in violation of section 893.13(6)(a), Florida Statutes (2001), and introduction or possession of contraband on the grounds of a county detention facility, in violation of section 951.22, Florida Statutes (2001). He argues that a conviction on both charges violates double jeopardy principles. We agree and reverse.
A detective arrested the defendant on an outstanding warrant. Nothing was found during the initial pat down. Another officer arrived to transport the defendant. This officer searched his vehicle before placing the defendant inside. He warned the defendant that if he had any contraband on him when he arrived at the jail, he would be charged with an additional crime.
When they arrived at the jail, the officer again asked the defendant if he had any contraband in his possession and warned him that any contraband found on him in the jail would give rise to an additional charge. After the defendant exited the vehicle, the officer searched the backseat and found a white ziplock bag with a white substance inside.
The State charged the defendant with possession of cocaine in count I and introduction or possession of contraband on the grounds of a detention facility in count II. As to the second count, the trial court instructed the jury that the State must prove beyond a reasonable doubt that the defendant introduced contraband or knowingly possessed contraband in a county detention facility. The jury found the defendant guilty on both counts, making no distinction in count II as to possession or introduction of the substance.
Although the defendant failed to argue his double jeopardy claim before the trial court, we review double jeopardy claims as fundamental error that may be raised for the first time on appeal. Sanders v. State, 795 So.2d 223 (Fla. 4th DCA 2001). To assess whether a double jeopardy violation has occurred when a defendant is convicted of more than one charge, the court must determine "whether each *950 offense has an element that the other does not." Gordon v. State, 780 So.2d 17, 20 (Fla.2001). See also Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
In Turner v. State, 661 So.2d 93 (Fla. 5th DCA 1995), the court held that a defendant should not have been convicted and sentenced for both possession of cocaine and possession of contraband or introduction of contraband into a county detention center since both charges involved the same cocaine. We agree with the Fifth District's analysis in Turner. In arriving at this result, we turn to the supreme court's construction of section 951.22, Florida Statutes (2001), "County detention facilities; contraband articles."
First, we point out that section 951.22, Florida Statutes, is what we have found to be an alternative conduct statute in that the statute prohibits "introduction or possession." In Gibbs v. State, 698 So.2d 1206 (Fla.1997), we held that, for purposes of determining whether a double-jeopardy violation has occurred, we require courts to analyze an alternative conduct statute by breaking out and comparing only the specific alternative conduct that is the same as the conduct prohibited by the other statute being compared. Id. at 1209-10. Moreover, we have held that a double jeopardy violation does occur in such a situation if the prosecution is for the same conduct under both statutes. Id. at 1210. See also Paccione v. State, 698 So.2d 252 (Fla.1997).
State v. Connelly, 748 So.2d 248, 251 (Fla. 1999).
To insure that no double jeopardy violation occurs, it is preferable for the court to either separate or narrow the alternatives in the instructions and jury form when a defendant is charged under an alternative conduct statute, such as section 951.22, Florida Statutes (2001). Only when this is done can the defendant and the court know which conduct serves as the basis of the jury's finding of guilt.
In this case, the defendant was charged with possession of cocaine in count I and either possession of cocaine or introduction of cocaine into a detention facility in count II. Neither the instruction nor the verdict form separated the alternative conduct. Neither the trial court nor this court can determine whether the jury convicted the defendant of possession of contraband or the introduction of contraband in count II. By failing to distinguish the conduct which was the basis of the finding of guilt in count II, the jury was permitted to convict the defendant of possession of the same cocaine twice. As a result, a violation of double jeopardy occurred. Accordingly, we reverse the defendant's conviction on count I for possession of cocaine and vacate the sentence imposed for that crime. We affirm his conviction and sentence on count II for possession or introduction of cocaine in a detention facility.
AFFIRMED in part and REVERSED in part.
STONE and GROSS JJ., concur.