NORTHCUTT, Judge.
While an inmate in the Hillsborough County Jail, Demetrius Johnson possessed a pipe containing cocaine residue. Based on this, Johnson was convicted of possession of cocaine, possession of contraband (cocaine) in a state facility, and possession of paraphernalia. We affirm in part, reverse in part, and remand for resentenc-ing.
Johnson argues that he could not be convicted of possession of contraband in a state facility because he was confined in a county jail. Under section 944.47, Florida Statutes (2002), possession of a controlled substance in a state correctional facility is a second-degree felony. But under section 951.22, Florida Statutes (2002), possession of a controlled substance in a county detention facility is a third-degree felony. Here, Johnson was charged with possessing contraband in a “State Correctional Institution, to-wit: The Hillsborough County Jail.” The information recited section 944.47(l)(e) as the applicable statute, but it labeled the offense a third-degree felony. Johnson did not raise this issue below, and there is no indication from the record that this discrepancy hampered the preparation of Johnson’s defense.
Florida Rule of Criminal Procedure 3.140(d)(1) requires that each count of an information “allege the essential facts constituting the offense charged. In addition each count shall recite the official or customary citation of the statute ... that the defendant is alleged to have violated.” The information against Johnson alleged the essential facts constituting possession of contraband in a county detention facility but recited a different statute. Rule 3.140(d)(1) further provides that “[ejrror in ... the citation shall not be ground ... for a reversal of a conviction based thereon if the error ... did not mislead the defendant to the defendant’s prejudice.” Johnson does not argue that he was misled or prejudiced by the error. Therefore, we remand for correction of the judgment to reflect a conviction for possession of contraband in a county detention facility under section 951.22, which is the conviction supported by the factual allegations in the information and by the evidence introduced at trial. See Mosely v. State, 688 So.2d 999, 999-1000 (Fla. 2d DCA 1997) (“An erroneous reference to the statute in the information is not fatal to conviction if the information properly pleads the necessary elements of the offense.”).
Johnson also argues, and the State concedes, that double jeopardy was violated by his two convictions for possessing the same cocaine. See Desire v. State, 829 So.2d 948 (Fla. 4th DCA 2002); Turner v. State, 661 So.2d 93 (Fla. 5th DCA 1995); Rozier v. State, 620 So.2d 194 (Fla. 1st DCA 1993). Because the convictions for *480 possession of contraband in a county detention facility and possession of cocaine were based on the same cocaine residue that was found in the pipe, we reverse the conviction for possession of cocaine.
Johnson raises a final issue regarding jury selection, but we see no abuse of discretion and affirm. See Files v. State, 613 So.2d 1301 (Fla.1992).
In sum, we reverse Johnson’s conviction for possession of cocaine. We affirm his conviction for possession of drug paraphernalia. We remand for correction of the judgment to reflect that Johnson was convicted of possession of contraband in a county detention facility and for resentenc-ing.
WHATLEY and KELLY, JJ., Concur.