915 So.2d 203 (2005)
Arique DROSS, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-2968.
District Court of Appeal of Florida, Fifth District.
October 21, 2005.
Rehearing Denied December 1, 2005.
*204 James S. Purdy, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca Rock McGuigan, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, J.
Arique Dross, Jr. ["Dross"] appeals his convictions for manslaughter and aggravated child abuse. He raises two issues, one of which  that the jury rendered inconsistent verdicts  merits discussion.
This case arises out of the death of five-month-old Angelisa Medina on May 18, 2002, while she was in the care of Dross. He was indicted for first-degree murder and aggravated child abuse based on the application of blunt force trauma to the victim's head. He was charged in a separate information with aggravated child abuse for biting the child's shoulder area. The latter charge was later reduced to child abuse because of the absence of any evidence of great bodily harm arising from the bite.
During the investigation subsequent to Angelisa's death, Dross gave multiple exculpatory statements but ultimately admitted:
I had her on my shoulder trying  trying to calm her down, because I wasn't finished with her bath yet. I was trying to calm her down, and she was still hysterical and kicking and doing all types of stuff. And then, you know, I got angry. I took the baby, and I just tossed her into the  into the bathtub.
She stopped crying. I picked her back up, and I heard like a thud-type sound, and I noticed that she had hit the bottom of the  of the bathtub. And the noise just made me sick to my stomach, because I didn't know I was capable of doing some craziness like that.
Forensic evidence established that Dross had also inflicted the bite mark, but probably at an earlier time.
Dross was convicted of manslaughter, as a lesser included offense of first-degree murder; aggravated child abuse, as charged in the indictment; and child abuse. After the jury returned its verdict, the court asked to see the attorneys and inquired, "Are these consistent verdicts?" The prosecutor made an inaudible response, and defense counsel made no objection to the verdicts.
Dross filed a motion for new trial in which he argued, among other things, that the verdicts were inconsistent. The court denied the motion. Dross then filed a motion for arrest of judgment on count II, the charge of aggravated child abuse, as he had been acquitted of felony murder based on the same aggravated child abuse. The court denied the motion. Dross was sentenced to fifteen years for the manslaughter, to thirty years for aggravated child abuse, and to five years for child abuse.
Dross argues that, having been acquitted of aggravated child abuse with respect to the charge of felony murder, the jury is not entitled to find him guilty of the same offense in count II. He maintains that these are "inconsistent verdicts," which cannot stand.
*205 The State responds that the verdicts in this case would have been inconsistent only if Dross was acquitted of the underlying felony. Here, because Dross was acquitted of felony murder but not the aggravated child abuse on which the felony murder charge was based, an acquittal is not required.
Generally, inconsistent jury verdicts in criminal cases are permitted in Florida because they can be the result of jury lenity, and therefore do not always speak to the guilt or innocence of the defendant. State v. Connelly, 748 So.2d 248, 252 (Fla.1999); Fayson v. State, 698 So.2d 825, 826-27 (Fla.1997). The one exception to the general rule allowing inconsistent verdicts comes into play when verdicts are "truly" inconsistent. State v. Powell, 674 So.2d 731, 733 (Fla.1996). True inconsistent verdicts are "those in which an acquittal on one count negates a necessary element for conviction on another count." Id. at 733, quoting Gonzalez v. State, 440 So.2d 514 (Fla. 4th DCA 1983)(Anstead, J.). True inconsistent verdicts therefore involve legally interlocking charges. Connelly, 748 So.2d at 252. They do not include factually interlocking charges. Id.
This case is similar to Fayson v. State, 698 So.2d 825, Gonzalez v. State, 449 So.2d 882 (Fla. 3d DCA 1984), and McCloud v. State, 335 So.2d 257 (Fla.1976). In McCloud, the defendant was charged with first-degree felony murder and with robbery, following a purse snatching which resulted in the death of an elderly woman. The jury refused to find the defendant guilty of first-degree murder, instead finding him guilty of manslaughter, but did find him guilty of the robbery. On appeal, the defendant argued that the verdicts were legally inconsistent and that the robbery conviction had to be vacated. The supreme court disagreed:
We acknowledge that the verdicts here are inconsistent, but that fact does not lead to a conclusion that the robbery sentence must be vacated. Under Section 782.04(1)(a), Florida Statutes (1975), McCloud was necessarily guilty of felony-murder. As the trial judge suggested, the jury simply may have found the felony-murder rule too harsh in this situation and reduced the penalty to the lesser-included offense of manslaughter. Since the error was in McCloud's favor, he is in no position to complain of the lesser sentence.
Id. at 259.
AFFIRMED.
SHARP, W., and SAWAYA, JJ., concur.