CANADY, Judge.
The State appeals the trial court’s order granting Nicholas Cappalo’s motion for judgment of acquittal on charges of aggravated fleeing and eluding and attempted aggravated assault. We conclude that the trial court erred in determining that the *333 jury’s guilty verdicts for aggravated fleeing and eluding and attempted aggravated assault were impermissibly inconsistent with the not guilty by reason of insanity verdicts returned for related offenses of burglary and grand theft.
I. Background,
Cappalo was charged by information with aggravated fleeing and eluding, aggravated assault with a deadly weapon without intent to kill, burglary and grand theft. At trial, testimony was presented regarding the alleged burglary and grand theft, the substance of which is not important for purposes of this appeal. Other testimony provided by various law enforcement officers indicated that several times during a high-speed pursuit, which immediately followed the charged burglary and theft, Cappalo tried to run a sheriffs deputy off the road. When Cappalo was ultimately apprehended, he acted excited and made an unusual comment, yet the law enforcement officers testified that Cappalo was coherent and acknowledged he had seen the officers pursuing him.
Two psychologists testified that Cappalo suffered from bipolar disorder with psychotic features and paranoia and that he was not sane at the time of the crimes. The State, however, provided rebuttal testimony from another psychologist who agreed there were some mental health issues, but opined that Cappalo was sane at the time of the crimes.
After presentation of the evidence and closing arguments, the jury was given the standard jury instruction providing that “the evidence applicable to [each crime] must be considered separately” and “[a] finding of guilty or not guilty as to one crime must not affect your verdict as to the other crime(s) charged.” The jury found Cappalo not guilty by reason of insanity on the burglary and grand theft charges. Conversely, the jury found Cap-palo guilty of aggravated fleeing and eluding and attempted aggravated assault, a lesser-included charge of aggravated assault with a deadly weapon.
Cappalo filed a motion for judgment of acquittal/new trial, alleging the crimes were all part of one criminal episode and because the jury acquitted him by reason of insanity on the grand theft charge, he did not have the requisite intent or frame of mind to commit the crimes of aggravated fleeing and eluding and attempted aggravated assault. Cappalo’s motion also alleged that the State failed to prove he was sane at the time of the crimes.
At the motion hearing, when defense counsel argued the verdicts were inconsistent, the trial court commented' that the verdicts could be the result of a jury pardon. Defense counsel disputed the idea of a jury pardon and argued that someone could not be insane during the commission of two crimes and then immediately thereafter regain sanity. The State maintained the position that the verdicts were not impermissibly inconsistent.
After considering the arguments, the trial court agreed there was one continuing transaction and noted that there was no evidence that Cappalo’s sanity or insanity was episodic. . The court then stated, in relevant part:
To find him not guilty by reason of insanity on the initial two counts which started this whole transaction, which was very short in duration, and a finding of guilty on the second two counts that followed closely thereafter is totally inconsistent and boggles the reasoning as far as I’m concerned. He’s either in or he’s out on the whole thing, either sane from the beginning to the end or insane from beginning to end.
*334 Im for that reason denying the motion for new trial but granting the [Judgment of acquittal].
Subsequently, the trial court entered an order setting aside the guilty verdicts and adjudicating Cappalo not guilty by reason of insanity on the aggravated fleeing and eluding and attempted aggravated assault charges. This appeal followed.
II. Analysis
“As a general rule, inconsistent verdicts are permitted in Florida” because “jury verdicts can be the result of lenity and therefore do not always speak to the guilt or innocence of the defendant.” State v. Powell, 674 So.2d 731, 732-33 (Fla.1996). Inconsistent vex'dicts are ordinarily considered to arise from a jury’s exercise of its “inherent authority to acquit” even if the facts support a conviction. State v. Connelly, 748 So.2d 248, 253 (Fla.1999).
The sole exception from the general rule permitting inconsistent verdicts “come[s] into play when verdicts against one defendant refer to legally interlocking charges.” Id. at 252. “This exception [is] referred to as the ‘true’ inconsistent verdict exception-” Powell, 674 So.2d at 733. Inconsistent verdicts on factually interlocking charges, which are permissible, are distinguished from the impermissible inconsistent verdicts on legally interlocking charges. See Connelly, 748 So.2d at 252 (“We have not extended the truly inconsistent verdict exception to verdicts that are factually inconsistent.”).
Such impermissible inconsistent verdicts are “those in which an acquittal on one count negates a necessary element for conviction on another count.” Gonzalez v. State, 440 So.2d 514, 515 (Fla. 4th DCA 1983). Inconsistent verdicts thus are impermissible “where an acquittal of the underlying felony effectively holds the defendant innocent of a greater offense involving that same felony.” Gonzalez v. State, 449 So.2d 882, 887 (Fla. 3d DCA 1984).
For example, the verdicts are im-permissibly inconsistent where a defendant is convicted of felony murder but convicted of only a misdemeanor rather than the underlying felony, see Mahaun v. State, 377 So.2d 1158, 1161 (Fla.1979), or where a defendant is convicted of possession of a firearm during the commission of a felony but convicted of only a misdemeanor rather than the underlying felony, see Redondo v. State, 403 So.2d 954, 956 (Fla.1981).[1] Such cases involve an offense that as a matter of law cannot be committed unless another underlying offense has also been committed. The commission of the underlying offense is a necessary element of the other offense. Where a defendant is charged with such legally interlocking offenses and is effectively acquitted of the underlying offense, a guilty verdict on the other offense is an impermissible inconsistent verdict. Because “the underlying felony [is] a part of the crime charged[,] without the underlying felony the charge [can]not stand.” Eaton v. State, 438 So.2d 822, 823 (Fla.1983).
The offenses charged against Cap-palo were not legally interlocking offenses. *335 The offenses of aggravated fleeing and eluding and attempted aggravated assault are not predicated as a matter of law on the other offenses charged against Cappa-lo. The jury’s determination that Cappalo was not guilty by reason of insanity on the burglary and grand theft charges is unquestionably factually inconsistent with the jury’s guilty verdicts on the aggravated fleeing and eluding and attempted assault charges. As the foregoing authorities make clear, however, such a factual or logical inconsistency is permissible under Florida law. See also Lleo v. State, 601 So.2d 1292, 1293 (Fla. 1st DCA 1992) (holding that verdict of not guilty by reason of insanity on one charge was not impermissibly inconsistent with guilty verdict on related charges but that “jury’s verdicts reflect only what has been referred to as a ‘logical inconsistency’ ”).
III. Conclusion
Accordingly, the trial court erred in determining that the verdicts were impermis-sibly inconsistent and in granting Cappa-lo’s motion for judgment of acquittal. We reverse the judgment of acquittal on the aggravated fleeing and eluding and attempted aggravated assault charges and remand for further proceedings consistent with this opinion.
Reversed and remanded. ,
CASANUEVA and SALCINES, JJ., Concur.

. Compare Pitts v. State, 425 So.2d 542 (Fla.1983), which held that the verdicts were not impermissibly inconsistent where the defendant was found not guilty of aggravated battery but guilty of the possession of a firearm during the commission of an aggravated battery. In Pitts, 425 So.2d at 543, the court reasoned that "[t]he occurrence of an aggravated battery is not a prerequisite to a finding of guilt on the possession charge. An attempted aggravated battery is sufficient.” The court did not address the significance of the absence of a verdict on the offense of attempted aggravated battery. See also McCray v. State, 397 So.2d 1229 (Fla. 3d DCA 1981), aff'd, 425 So.2d 1 (Fla.1983).