BLACK, Judge.
William Joseph Kelley was charged with grand theft, money laundering, and exploitation of an elderly person. A jury acquitted Kelley of the first two charges but found him guilty of exploitation of an elderly person, his mother. The trial court entered judgment in accordance with the verdict and, finding that the need for restitution outweighed the need for incarceration, sentenced Kelley to probation.
*317 The State appealed the judgment and sentence, arguing that the trial court reversibly erred in imposing a downward departure sentence. Kelley cross-appealed, arguing that the court erred in denying his motion for judgment of acquittal and arrest of judgment based on true inconsistent verdicts. We find Kelley’s cross-appeal well-taken and reverse his conviction on the exploitation charge. As a result, the State’s appeal is moot.
The nature of our holding is such that an exhaustive recitation of the facts is unnecessary. Kelley handled his widowed mother’s finances, and when there were insufficient funds in one of her bank accounts, she became suspicious. An investigation revealed a number of suspect transactions brought about by way of a durable power of attorney executed in favor of Kelley, which his mother denied giving to him. Kelley contended his mother voluntarily executed the power of attorney in his favor. In total, the victim alleged she had lost over $100,000 through Kelley’s use of the power of attorney. Kelley denied stealing the money and took the position that he lost it through poor investment decisions, principally the making of unsecured loans. He also denied any criminal intent. A review of the second amended information, under which the case proceeded to trial, reveals that the conduct underlying the theft charge is the identical conduct underlying the theft element of the exploitation charge. In each count, only one act of theft was charged; the State did not charge or identify individual events. At the conclusion of the evidence at trial, the jury found Kelley guilty of exploitation in an amount in excess of $20,000 but less than $100,000. He was found not guilty of theft and money laundering.
As he did in his motion for judgment of acquittal and arrest of judgment, Kelley argues on appeal that his conviction for exploitation of an elderly person must be reversed because the jury’s verdict is truly inconsistent. An inconsistent verdict claim presents a pure question of law which we review de novo. Brown v. State, 959 So.2d 218, 220 (Fla.2007).
“Inconsistent verdicts are ordinarily considered to arise from a jury’s exercise of its ‘inherent authority to acquit’ even if the facts support a conviction.” State v. Cappalo, 932 So.2d 331, 334 (Fla. 2d DCA 2006) (quoting State v. Connelly, 748 So.2d 248, 253 (Fla.1999)). And, as a general rule, Florida permits inconsistent verdicts. State v. Powell, 674 So.2d 731, 732-33 (Fla.1996). The sole exception to the general rule is inconsistent verdicts resolving legally interlocking charges. Cappalo, 932 So.2d at 334 (citing Connelly, 748 So.2d at 253). “‘This exception [is] referred to as the “true” inconsistent verdict exception....’” Id. (quoting Powell, 674 So.2d at 733). “True” inconsistent verdicts are “ ‘those in which an acquittal on one count negates a necessary element for conviction on another count.’ ” Id. (quoting Gonzalez v. State, 440 So.2d 514, 515 (Fla. 4th DCA 1983)); accord Everett v. State, 831 So.2d 738, 743 (Fla. 4th DCA 2002).
Here, the State contends that the charges against Kelley were not legally interlocking but factually interlocking and that therefore the inconsistent verdict was a permissible exercise of the jury’s pardon power. The State is mistaken. In both the grand theft count and the exploitation count, the State charged Kelley with obtaining or using funds of the elderly victim with the intent to temporarily or permanently deprive her of those funds.[1] The *318 State did not charge Kelley with multiple counts of theft or exploitation; rather, Kelley’s actions across multiple dates and involving multiple bank accounts were charged as one episode. And, as a result, the acquittal on the theft charge “negated the necessary element of theft in the exploitation count,” making the two legally interlocking. See Everett, 831 So.2d at 743; see also Rich v. State, 823 So.2d 208, 209 (Fla. 2d DCA 2002); Cappalo, 932 So.2d at 334. “Consequently, there could be no conviction on the exploitation charge, which was based on the underlying grand theft.” Everett, 831 So.2d at 743; see also Cappalo, 932 So.2d at 334 (“Because ‘the underlying felony [is] a part of the crime charged[,] without the underlying felony the charge [ean]not stand.’ ” (quoting Eaton v. State, 438 So.2d 822, 823 (Fla. 1983))); Louberti v. State, 895 So.2d 479, 480 (Fla. 4th DCA 2005) (reversing conviction for organized scheme to defraud where grand theft charges for which defendant was acquitted were same thefts which were elements of the organized scheme to defraud charge).
Accordingly, we reverse Kelley’s conviction for exploitation of an elderly person and order that his judgment and sentence be vacated.
Reversed and remanded.
CASANUEVA and KELLY, JJ„ Concur.

. Obtaining or using property, including money, of the victim with the intent to temporarily or permanently deprive the victim of that property is an essential element of both theft, *318 see § 812.014(1), Fla. Stat. (2011), and exploitation of an elderly person, see § 825.103(l)(a), Fla. Stat (2011).