PER CURIAM.
AFFIRMED. See Wright v. State, 857 So.2d 861, 874 (Fla.2003) (“Habeas corpus should not be used as a vehicle for presenting issues which should have been raised at trial and on appeal or in postcon-viction proceedings.”); see also McCloud v. State, 335 So.2d 257, 259 (Fla.1976) (holding that where defendant charged with felony murder — with robbery as the underlying felony — was found guilty of the lesser included offense of manslaughter, but also separately found guilty of robbery, “that fact does not lead to a conclusion that the robbery sentence must be vacated ... [because] the jury simply may have found the felony-murder rule too harsh in this situation [and exercised its jury pardon power].”) Gonzalez v. State, 449 So.2d 882, 887-89 (Fla. 3d DCA 1984) (same); also cf. Dross v. State, 915 So.2d 203 (Fla. 5th DCA 2005) (citing McCloud and holding that a verdict of acquittal on a charge of felony murder, with aggravated child abuse as the underlying felony, was not truly inconsistent with the jury’s conviction on the separate count charging aggravated child abuse).
SAWAYA, ORFINGER and LAWSON, JJ., concur.